In re ENNIS et al.    .

(Circuit Court of Appeals, Second Circuit.    April 10, 1911.)

No. 187.

BANKRUPTCY (§ 140*)—BROKERS—RECLAMATION OF SECURITIES BY CUSTOMER.
    Where it appears that stockbrokers prior to their bankruptcy had violated every obligation which they owed to a customer, and had at some time not shown converted the stocks which they pretended to carry for him, the court should not require him to make good losses for which he would have been liable, if the stocks had been kept, as a condition to his recovery of securities deposited to protect his account.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 225; Dec. Dig. § 140.*]

Petition to Revise and Appeal from the District Court of the United States for the Southern District of New York.

In the matter of Thomas A. Ennis and Charles F. Stoppani, bankrupts. Louis F. Braun petitions to revise certain orders of the District Court, and also appeals from said orders. Affirmed as to one order, and reversed as to one.

This proceeding is similar in its origin and form to that in Matter of Ennis, Bamford, Petitioner, 187 Fed. 720, decided this day, and the statement of facts in that case will show the nature of the claims against the fund in controversy and the classification made by the special master in disposing of them. The appellant, Braun, deposited certain securities, consisting of ,

10 shares of Paterson Savings Institution, 20 shares of First National Bank of Paterson, and 102 shares of Safety Car Heating stock, to be used together with certain collateral notes, as margin for his speculative account. These "deposit" stocks were included in the pledge to the Mechanics' Bank described in the Bamford Case. After the failure the Mechanics' Bank sold the Safety Car Heating shares and realized $12,633.21 therefor. The Paterson Savings Institution and First National Bank shares were not sold by the bank, but were turned over to the receiver, and are now in possession of the trustee.

The speculative account of the appellant, as "restated" by the special master, showed an indebtedness or deficiency to be charged against said "deposit" stocks of $3,764.93. The special master found "that, on payment or offset of this indebtedness, claimant was entitled to a lien on the surplus" for the proceeds of the Safety Car stock and to recover the certificates for the Paterson Savings Institution and First National Bank shares and the notes, "subject, however, to his paying his proportion of the general loss and the expenses of the reference." This ruling, in effect, placed the claimant in class B, but with an additional burden. The report of the special master was confirmed by the District Court.

The appellant takes this appeal and brings this petition for revision because he was placed in class B, because the People's Bank of Passaic was placed in class A, and also because he was found to be indebted to the bankrupt estate, and such indebtedness was charged against his stocks deposited as collateral. Other material facts are stated in the opinion.

D. W. Noel (Abraham Benedict, of counsel), for appellant.

Hays, Herschfield & Wolf (E. D. Hayes, of counsel), for respondent.

Lawrence & Lawrence (P. Lawrence, of counsel), for People's Bank.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). The equities of this appellant are inferior to those of the appellant in the Bamford Case. The account as "restated" by the special master—whether rightfully or wrongfully—shows an indebtedness to the bankrupt estate, instead of a balance to the credit of the appellant. Moreover, as in the Bamford Case, the proof is insufficient to establish the conversion of any particular "long" stocks at any particular times. The right of the appellant to be placed in class A, instead of class B, depends altogether upon the testimony showing that at the time of the failure the bankrupts were not carrying the securities which they had purchased for his account and pretended to be carrying for him. As stated in the Bamford Case, this testimony makes out a prima facie case of conversion at some time prior to the failure, and it may be that the bankrupts at the time of the failure had no rights in the pledged "deposit" securities to which other claimants could have been subrogated. It may be that the bankrupts, before the failure, owed the appellant the duty of withdrawing such securities from the Mechanics' Bank and of surrendering them to him. But the testimony leaves the actual state of the account between the appellant and the bankrupts in a state of uncertainty. Clearly the "restatement" of the account by the special master was wrong. The bankrupts were not carrying the appellant's "long" stocks which the statement purports to liquidate. But when they had been converted is not shown, so that the value at which their proceeds should have been credited does not appear, and it cannot be determined whether the appellant owed the estate, or vice versa. While

the testimony goes far to negative any right in the bankrupts to have the securities in question in the loan at the Mechanics' Bank, we think his equities are not strong enough to place the appellant in the superior class.

While, however, the appellant, with respect to his "deposit" securities and notes, is properly in class B, and should bear the same burden as other claimants in that class, we think that the special master erred in requiring him to bear the additional burden of paying the indebtedness as "restated" by the special master. As already shown, this restatement was incorrect. The bankrupts were not carrying the stocks which they were bound to carry. The testimony is wholly insufficient to afford a basis for charging the appellant with the balance stated, nor does it definitely establish any balance.

The appellant ought not to be required to make any payment on account of this alleged, but not established, indebtedness as a condition to obtaining his "deposit" stocks; and we also think that this proceeding should not be delayed and reopened for further proof. When it appears that stockbrokers have violated every obligation which they owe a customer, and have converted the shares which they pretend to carry, the courts should not go out of their way to afford them or their trustee the benefit of securities deposited to make good losses incurred through fair dealings. But this conclusion will not prejudice the right of the trustee to bring an independent action against the appellant to recover any balance which he may be able to establish.

The order of the District Court is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.

For reasons stated in the Bamford Case, the order in the matter of People's Bank of Passaic is affirmed, with one-half costs against the appellant, Braun.